THE ATTORNEY GENERAL
OF TEXAS



Gerald C. Mann

**ATTORNEY GENERAL**

Affirmed by _MWM-1475_

Hon. O. P. Lockhart
Chairman
Board of Insurance
 Commissioners
State of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4986-A
Re: Is the Cass County Rural Health
Service engaged in the insurance busi-
ness, and, if so, is the service sub-
ject to the, supervision of the State
Insurance Department, and related
questions. (This,opinion overrules
Opinion #0-4986)

This is in answer to your request for opinion dated Novem-
ber 23, 1942, and its accompanying documents. From your communica-
tion we summarize the following statement of facts as the basis for
this opinion:

The Cass County Rural Health Service is a domestic corpora-
tion, chartered under Section 2 of Article 1302, Vernon's Annotated
Civil Statutes, as a "charitable and benevolent" association. It is
organized for the effectuation of several objects. It is incorpor-
ated for the purpose of promoting the general health of the members
by the prevention of disease. The officers and directors of the
Service receive no remuneration, and the organization itself is co-
operative, with no possibility of profits accruing to anyone. Member-
ship in the Service is confined to members of Cass County families,
whose income is derived principally from farming and allied pursuits.
The Service executes a form of contract with the members by the terms
of which the members pay to the Service a membership fee. In return
for this membership fee the Service undertakes without profit to it-
self to provide dental care, medical care, drugs, etc., for the mem-
bers and their families. In order to furnish its services the asso-
ciation has entered into an agreement with the various hospitals,
physicians, dentists and drug stores, whereby the latter parties
agree to render stipulated services to the members of the Service at
agreed and standardized fees, etc. A member who requires any of the
stipulated services, or merchandise, or goods is free to obtain same
from any of the contracting physicians, dentists, drug stores, etc.,
but the member is not allowed to obtain said services from parties
not bound to the Service by contract, unless some contracting party
refers the member to the noncontracting practitioner. When the said
services are performed or the said medicines are furnished, the Serv-
ice then reimburses the practitioner; the member does not pay the
practitioner or the one who furnishes the services or drugs other
than by the payment of the membership fee to the Health Service.

Article VIII, Section 3(a), of the By-laws of the Health
County Health Service, provides that:

"This association does not guarantee that any hospital, physician, surgeon, dentist or druggist with whom it may enter into agreement to render services will perform such services, and its only obligation in the event of the breach of such agreement shall be to use its best efforts to obtain the needed services from another source."

Although the Service is a domestic corporation and its officers and directors presumably are residents of Cass County, Texas, it was fostered by a branch of the Federal Department of Agriculture, and that department furnished the organizers to establish the Service, formulated its inner organization, and has paid a great proportion of the membership fees. The Service has complied with none of the statutes of Texas relating to health and accident insurance companies.

Your letter inquires (a) whether the society's business constitutes an insurance business; (b) whether the operation of the service is ultra vires; (c) whether the Board of Insurance Commissioners has any jurisdiction over the society as now constituted and operated; and (d) whether the business otherwise is lawful.

In order to determine whether or not the business conducted by the Cass County Rural Health Service is insurance it is necessary to test and measure the said business by the Texas statutory definition of insurance.

Article 4716 of Vernon's Revised Texas Civil Statutes reads as follows:

"A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value conditioned on the continuance or cessation of human life, or involving an insurance guaranty, contract, or pledge, for the payment of endowments or annuities. An accident insurance company shall be deemed to be a corporation doing business under any charter involving the payment of any amount of money or other thing of value conditioned upon loss by reason of liability due to sickness or ill health. A health insurance company shall be deemed to be a corporation doing business under any charter involving the payment of any amount of money, or other thing of value, conditioned upon loss by reason of disability due to sickness or ill health. . . ."

We know of no Texas decision which answers the question as to whether or not the business of the Cass County Rural Health Association is insurance business, and in the absence of such Texas decision we must have recourse to the decisions of other jurisdictions.

In the State of Washington the statutory definition of insurance is substantially the same as that which obtains in Texas.

Section 1 of the Insurance Code, Laws of Washington, 1911, C. 49, defines insurance as follows:

"Insurance is a contract whereby one party, called the insurer, for a consideration undertakes to pay money or its equivalent or to do an act valuable to another party called the insured or his beneficiary upon the happening of the hazard or peril insured against, whereby the party injured or his beneficiary suffers loss or injury."

In the State of Washington the Universal Service Agency was conducting a business essentially the same as that conducted by the Cass County Rural Health Service in Texas. The contracts made by the Universal Service Agency appeared to be substantially the same, with its members, as those made by the Cass County Rural Health Service with its members. An action against the Universal Service Agency was instituted in the state courts of Washington, on the relation of the insurance commissioner of that state; this action was brought seeking to forfeit the corporate franchise and to wind up the affairs of the Universal Service Agency. The special grievance complained of was that the Universal Service Agency was engaged in the insurance business in the State of Washington without complying with the statutes regulating the doing of such business.

The Supreme Court of Washington decided that the business conducted by the Universal Service Agency was not the business of insurance. The case referred to is State ex rel Fishbach, Insurance Commissioner, v. Universal Service Agency, 151 P. 768.

The case referred to is cited as authority on this subject in 29 Am.Jur., par. 12, on page 54, and in Ann.Cas. 1916C, page 1017.

In the District of Columbia the Group Health Association conducted a business analogous to that of the Cass County Health Service and made substantially the same contracts with its members as were made by the Cass County Health Service.

The applicable statute of the District of Columbia reads as follows:

"Every corporation, joint stock company, or association not exempt herein, transacting business in the District of Columbia, which collects payments, dues or assessments from its members as holders of its certificates or policies, and which provide for the payment of indemnity on account of sickness or accident, or benefit in case of death, shall be known as 'health, accident and life insurance company or association.'" (Section 653, D.C. Code, 1926, Title 5, par. 179.)

The statutory definition of insurance of the District of Columbia, above quoted, is substantially the same as that of Texas.

In the case of Jordan v. Group Health Association it was contended as against the Group Health Association that it was a "health, accident and life insurance company or association" as defined in the foregoing quoted District of Columbia Code.

In passing upon this question the United States Court of Appeals for the District of Columbia decided that the Group Health Association was not engaged in the business of insurance.  (Jordan v. Group Health Association, 107 F.(2d) 239)

Upon the strength of the cases above quoted we are of the opinion that the Cass County Health Service is not engaged in the insurance business.

Insomuch as the Cass County Rural Health Service is not engaged in the insurance business, you are advised that it is not subject to the supervision of the State Insurance Department.

In our opinion there is nothing disclosed in your letter or in the accompanying documents which indicate that the business of the Cass County Rural Health Service is either ultra vires or unlawful.

We trust we have fully answered your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Geo. P. Blackburn
George P. Blackburn, Assistant

APPROVED MAR 25, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

This opinion considered and approved in limited conference.

GPB:AMM:wb